David A. Chami, Esq., AZ 027585
**PRICE LAW GROUP, APC**
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com
*Attorneys for Plaintiff,*
*Traci Waldschmidt*

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| TRACI WALDSCHMIDT<br><br>    Plaintiff,<br><br>vs.<br><br>CREDIT ONE BANK, N.A.<br><br>    Defendant. | **Case No. 6:19-cv-692**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227 *et. seq.*<br>2. TDCA, Tex. Fin. Code Ann. § 392 *et. seq.*<br>3. Intrusion Upon Seclusion<br>4. Tex. Civ. Prac. & Rem. Code § 41.001 *et seq.*<br><br>(Unlawful Debt Collection Practices) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Traci Waldschmidt ("Plaintiff"), by and through her counsel undersigned, allege the following against Credit One Bank, N.A., ("Defendant" or "Credit One"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly

regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Texas Debt Collections Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy – Intrusion Upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to the reasonable person."

4. Count IV Plaintiff's Complaint is based upon Tex. Civ. Prac. & Rem. Code § 41.001*et seq.*, which allows a Plaintiff to recover exemplary damages where the "claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence."

## **JURISDICTION AND VENUE**

5. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Plaintiff also brings this complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

8. Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

9. Plaintiff is a natural person residing in Hewitt, Texas.

10. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1)).

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

12. Defendant is a "creditor" as defined by Tex. Fin. Code Ann. § 392.001(3).

13. Defendant, Credit One Bank, N.A. is a national financial institution and can be served with process at its registered agent VP Human Resources, 6801 S. Cimarron R., Las Vegas, NV 89113.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Defendant is attempting to collect an alleged debt from Plaintiff on her Credit One account ending in 1936 ("Account").

16. In or around April 2019, Defendant began placing calls to Plaintiff's cell phone number ending in "1083."

17. The calls placed by Defendant originated from almost fifty (50) different phone numbers, all with local Texas area codes: (737) 237-0573, (737) 237-0542, (737) 600-8975, (737) 932-6854, (737) 932-7171, (737) 600-8975, (737) 210-8729, (737) 205-3007, (737) 205-2974, (737) 205-2944, (832) 450-3905, (832) 450-3905, (832) 430-3905, (737) 932-7407, (737) 433-5757, (737) 443-6113, (737) 205-2957, (737) 205-2987, (737) 400-0398, (737) 204-1725, (737) 208-1815, (737) 204-3772, (737) 208-1818, (737) 443-5564, (737) 400-0439, (737) 204-1120, (737) 208-1786, (737) 932-6782, (737) 932-6926, (737) 600-8945, (737) 208-1840, (737) 237-1456, (737) 237-0486, (737) 237-0425, (737) 237-0456, (737) 443-6037, (737) 207-9025, (737) 443-6007, (737) 932-7464, (737) 932-7535, (737) 204-9710, (737) 241-1359, (737) 241-1307, (737) 241-1423, (737) 932-7492, (737) 932-7562, (832) 450-3905, and (832) 430-3905. Upon information and belief, these phone numbers are owned, operated or controlled by Defendant or its agent(s).

18. Plaintiff and her husband have been struggling financially since her husband's company began to cut overtime in 2018 and finally closed its Waco, Texas plant this year leading to the loss of his management job.

19. Plaintiff's daughter was in a car accident this year and had to move back home to live with Plaintiff and her husband.

20. Although Plaintiff works full-time managing a dental office, she has also been taking care of her sick, elderly parents (her father was recently diagnosed with inoperable cancer) and she must have her phone on and with her at all times.

21. On or about March 28, 2019 at 1:17 p.m., Plaintiff received a call on her cell phone from (737) 237-0573.

22. Plaintiff answered the phone and heard a short pause before Defendant's representative began to speak, indicating the use of an automated telephone dialing system. Defendant's representative identified himself as "Jeremy" and informed Plaintiff that Defendant was calling to collect a debt.

23. During this conversation, Plaintiff told Defendant that she was struggling financially and she unequivocally revoked consent to ever be contacted again on her cellular phone by Defendant.

24. On or about April 2, 2019 at 8:34 a.m., Plaintiff answered a call from (737) 237-0542 and heard a short pause before Defendant's representative, "Selma," began to speak, indicating the use of an automated telephone dialing system.

25. Plaintiff again unequivocally revoked consent to be called further.

26. However, despite two clear requests that Defendant stop calling her, Defendant continued to call her on her cellular telephone, often six (6) or seven (7) times per day.

27. On or about May 18, 2019 at 12:47 p.m., Plaintiff answered a call from a different number, (737) 443-5957. Before Defendant's representative, "Daniel," spoke, Plaintiff heard a short pause, indicating the use of an automated telephone dialing system.

28. Understandably irate that her requests to Defendant to stop calling her were being ignored, Plaintiff told Defendant *again* to stop calling her.

29. Throughout the remainder of May and through September 2019, Defendant pursued an aggressive campaign of collection calls to Plaintiff's cellular telephone, calling nearly every day, multiple times per day from many different phone numbers.

30. In fact, between April 1, 2019 and September 30, 2019, Plaintiff received approximately FOUR-HUNDRED AND FIFTY (**450**) phone calls to her cellular phone *after* she told Defendant not to call her any further.

31. Defendant typically called Plaintiff four (4) times per day, but there were many days where Defendant called Plaintiff six (6) to seven (7) times a day.

32. In or around October 2019, Defendant also began to harass Plaintiff by calling at least four different phone numbers at her place of employment.

33. Plaintiff's office lines have caller ID and she would often recognize the number as belonging to Credit One. When Plaintiff did not recognize the number, she would call back the number and would learn it was Credit One who had called.

34. Upon information and belief, Defendant also called third parties in an attempt to collect the alleged debt from Plaintiff.

35. Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the Account. Furthermore, Defendant's tactic of switching amongst myriad phone numbers all with local area codes was done in order to trick Plaintiff into answering the calls.

36. Defendant was aware that Plaintiff was dealing with financial issues, but willfully ignored her situation and her multiple requests for Defendant to stop its campaign of automated calls.

37. Plaintiff was diagnosed with diabetes in or around June 2019 due to stress, including the incessant calls from Defendant.

38. Defendant's barrage of calls to Plaintiff's cellphone caused constant disruption and distraction to her workday, as well as embarrassment and humiliation because her phone would ring constantly while she was at her place of business.

39. Defendant's harassing calls also tied up Plaintiff's cell phone during working hours.

40. Plaintiff was humiliated when Defendant would call phone numbers belonging to her employer. It disrupted her ability to focus on her job.

41. Each and every call to Plaintiff's cell phone during work hours caused her to have to put her work on hold and check if the call was from her ailing parents. Because Defendant called from so many different local Texas numbers, it was impossible for Plaintiff to immediately recognize whether the calls were from Defendant.

42. The calls to Plaintiff's cell phone after work hours were also extremely disruptive to her family as she always had to have her cell phone on so she could hear it ring in case it was her parents needing help.

43. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anxiety, stress, headaches, frustration, depression, and emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

44. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

46. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II

**(Violations of the TDCA, Tex. Fin. Code Ann. § 392 *et seq*.)**

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. Defendant violated the TDCA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

49. Defendant's acts, as described above, were done knowingly and willfully.

50. As a result of the foregoing violations of the TCDA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the TCDA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT III

### (Intrusion Upon Seclusion)

51. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes … upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person." See also *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993); *Fawcett v. Grosu*, 498 S.W.3d 650, 664 (Tex. App. 2016).

53. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b. The number and frequency of the telephone calls to Plaintiff by Defendant after repeated requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's daily work, family, and sleep schedule.

    d. Defendant's calls to Plaintiff were repeated with such persistence and frequency as to amount to a course of hounding Plaintiff and became a substantial burden to her existence.

    e. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

54. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## COUNT IV

### (Tex. Civ. Prac. & Rem. Code § 41.001 *et seq.*)

55. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56. Tex. Civ. Prac. & Rem. Code § 41.001 allows a Plaintiff to recover exemplary damages where the "claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence."

57. Tex. Civ. Prac. & Rem. Code § 41.001(2) defines "clear and convincing" as the "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."

58. Tex. Civ. Prac. & Rem. Code § 41.001(7) defines "malice" as "a specific intent by the defendant to cause substantial injury or harm to the claimant."

59. Tex. Civ. Prac. & Rem. Code § 41.001(11) defines "gross negligence" as "an act or omission: (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others."

60. Plaintiff is informed and believes that the aforesaid conduct was malicious and grossly negligent, as those terms are defined by Tex. Civ. Prac. & Rem. Code § 41.001(1)-(11), as Defendant's conduct was done in complete conscious disregard of Plaintiff's rights and safety after Plaintiff clearly and repeatedly requested Defendant to cease its illegal conduct.

61. Defendant was aware that Plaintiff had requested to not be called anymore, that plaintiff was suffering from a medical ailment, and that Plaintiff did not have money to make a payment, and yet Defendant continued its bombardment of harassing phone calls to Plaintiff's cell and work phones in violation of the TCPA, TCDA, and Plaintiff's privacy rights.

62. As a result of Defendant's conduct and violations, Defendant is liable to Plaintiff for punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Maria Garcia respectfully requests judgment be entered against Defendant, Credit One Bank, for the following:

A. Declaratory judgment that Defendant violated the TCPA and TDCA;

B. Actual damages pursuant to Ten. Fin. Code Ann. § 392.403(a)(2);

C. Cost and reasonable attorneys' fees pursuant to Ten. Fin. Code Ann. § 392.403(b);

D. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

E. Actual and punitive damages for intruding upon Plaintiff's seclusion;

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: December 6, 2019

*/s/David A, Chami*
David A. Chami, Esq., AZ 027585
**PRICE LAW GROUP, APC**
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com
*Attorneys for Plaintiff,*
*Traci Waldschmidt*